Archie E. CUNNINGHAM, Plaintiff,

v.

The CHESAPEAKE AND OHIO RAILWAY COMPANY, a corporation, Defendant.

No. 64 C 146.

United States District Court
N. D. Illinois, E. D.

April 9, 1964.

---

Robert N. Stone, Minneapolis Minn., Edmund C. Maurer, Chicago, Ill., for plaintiff.

Joseph P. Carr, Chicago, Ill., Gardner, Carton, Douglas, Chilgren & Waud, Chicago, Ill., of counsel, for defendant.

WILL, District Judge.

Plaintiff Archie E. Cunningham, a resident of Covington, Kentucky, brings this action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–59, against the Chesapeake and Ohio Railway Company, a Virginia corporation with its principal place of business in Richmond, to recover damages for injuries allegedly sustained by the plaintiff while in the employ of the defendant in September, 1961. Although the events which give rise to this suit occurred in Stevens, Kentucky, venue is afforded to the plaintiff and jurisdiction bestowed upon this Court pursuant to § 6 of the above cited Act, 45 U.S.C. § 56.

Defendant railroad seeks to transfer the proceedings to the Eastern District of Kentucky under the provisions of § 1404(a) of Title 28 U.S.C., which embodies the doctrine of *forum non conveniens*. In support of its motion defendant relates that the plaintiff is a resident of Covington, Kentucky, which is the site of regular sessions of the United States District Court for the Eastern District of Kentucky; that the alleged accident took place in Stevens, Kentucky, also located in said Eastern District; that the witnesses who will be called to give testimony in this cause are not subject to service of a subpoena issued by this Court; that all material witnesses, including the plaintiff's fellow workers, railroad officials, and the doctors who examined and treated the plaintiff, reside more than 300 miles from the seat of this Court; and that the defendant transacts business in the Eastern District of Kentucky and is amenable to process in that District.

The Seventh Circuit, in Chicago, R. I. & Pac. R. Co. v. Igoe, 220 F.2d 299 (7th Cir.), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955), summarized the factors to be considered when determining the propriety of a transfer to another District:

"* * * convenience of witnesses of both plaintiff and defendant; the ease of access to sources of proof; the availability of compulsory process to compel the attendance of unwilling witnesses; the smaller amount of expense required for willing witnesses; the availability of a view of the premises; the congestion of the District Court calendar in the Northern District of Illinois, Eastern Division; that no controverted issue of fact depends upon any event that occurred in the Northern District of Illinois; and the burden of a jury trial should not be imposed upon the Northern District of Illinois, an area which has no relation to the litigation." Id., 220 F.2d at 304.

In the light of these guidelines, it is readily apparent that the facts of the instant case require its transfer to the Eastern District of Kentucky.

Nor does the plaintiff contend that § 1404(a) is limited by the broad venue and jurisdiction provisions of the Federal Employers' Liability Act. Section 6 of that Act defines the proper forum; § 1404(a) of the Code relates to the right to transfer an action after it has been correctly brought. The latter section reaches "any civil action" and is applicable to proceedings brought under said § 6. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949).

What remains of plaintiff's argument, then, is a claim that, being of the Negro race, he will not receive a fair and unbiased trial and verdict at the hands of a jury in the Eastern District of Kentucky and that to transfer the case, therefore, does not serve the interests of justice. Plaintiff would have this Court

take judicial notice that a Negro cannot have an unprejudiced trial in a sister Federal District Court. He would have the Court come to this most damaging conclusion, reflecting both upon the integrity of the Federal judiciary as a whole and the capacity and competence of my brethren who sit in the Eastern District of Kentucky in particular, without so much as a scintilla of evidence that it is warranted. On the contrary, the record is clear that the Federal Courts have administered justice fairly and impartially.

An order consistent with the foregoing will be entered and the cause transferred to the Eastern District of Kentucky.